Plaintiff in this tax refund suit seeks $28,065.04 it alleges it overpaid in federal employment taxes during 1972-74. It has moved for summary judgment on the *714 ground that the defendant’s alleged commitment to pay the refund establishes (1) that there are no disputed factual issues, and (2) that the plaintiff is entitled to a judgment. After consideration of the parties’ submissions and other papers, but without oral argument, we deny plaintiffs motion for summary judgment.
Plaintiff filed its action on May 9, 1978. On November 20, 1978, plaintiff asserts that counsel for defendant, by telephone, advised counsel for plaintiff that "Defendant was willing to grant the full refund sought by the Plaintiff in the Petition.” Counsel for plaintiff then informed the trial judge that "the Internal Revenue Service has recommended that Plaintiff be given an administrative refund of the full amount claimed” and it was believed the case would "be settled with full refund to Plaintiff in the near future.” On December 5, 1978, the trial judge deferred issuance of a standard pretrial order until May 30, 1979.
On January 22, 1979, plaintiff moved for summary judgment, asserting that the government’s willingness to settle, as demonstrated by the November 20, 1978 telephone conversation, meant there was no genuine issue as to any material fact and entitled plaintiff to summary judgment as a matter of law. Defendant, by affidavit, challenges plaintiffs account of the November 20, 1978 telephone conversation and insists that until a refund has actually been made, which requires the approval of the Department of Justice, it is still possible that the case will go to trial.
Plaintiffs motion must be denied. The very facts concerning the November 20, 1978 telephone conversation upon which plaintiff bases its summary judgment motion are in dispute. Furthermore, expression of willingness to settle a suit is not admissible as evidence regarding the validity or invalidity of a claim, Fed. R. Evid. 408, much less determinative of the issue. Cf. Estate of Joseph P. Grace v. United States, 183 Ct. Cl. 745 at 762, 393 F.2d 939 at 947 (1968), rev’d on other grounds, 395 U.S. 316 (1969); Sternberger v. United States, 185 Ct. Cl. 528 at 537-38, 401 F.2d 1012 at 1017-18 (1968); see Seaboard Shipping Corp. v. Jocharanne Tugboat Corp., 461 F.2d 500 (2d Cir. 1972).
The defendant in this case has not admitted the validity of plaintiffs claim, and plaintiff would not be entitled to *715 summary judgment unless it established its right to recover on the merits. It has not done so. Of course, our denial of the plaintiffs motion does not reflect any views on the merits of the tax question involved.
Accordingly, it is ordered that plaintiffs motion for summary judgment is denied. The case is remanded to the Trial Division for further proceedings.